**Charles STINSON, Petitioner–Appellant,**

v.

**STATE of Indiana,**
**Respondent–Appellee.**

No. 45A03–8901–CR–20.

Court of Appeals of Indiana,
Third District.

May 31, 1989.

Scott King, Appellate Div., Crown Point, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Presiding Judge.

Charles Stinson was tried by jury and was convicted of theft. His sole challenge on appeal is the sufficiency of the evidence.

In the spring of 1987 Stinson and David Gurdian, the victim, were students at Indiana University Northwest and were among four student employees of the campus photography lab. Gurdian kept his camera in a steel closet in the lab. That area was restricted to employees.

In March Gurdian discovered that his camera had been removed from its case and was missing. He promptly reported the theft and his suspicion of Stinson since he had seen Stinson in the lab on several occasions in February and March before anyone else was around.

Nearly a year later the camera was discovered in Stinson's possession. The camera was readily identified as Gurdian's through its serial numbers. (A photography professor recalled Stinson as possessing an older style camera when he was in photography class in the spring of 1987.)

We agree that no sufficient inference of guilt may be drawn from Stinson's mere possession of the camera in 1988. Indeed, if he were otherwise a stranger to the events of 1987, we would agree that the evidence was insufficient. That, however, is not the case.

Here the totality of circumstances support the reasonable inference that Stinson was the thief.

Whether to draw that inference or not was the function of the jury. It having

done so, we affirm because the inference was reasonable under the evidence.

Affirmed.

HOFFMAN and BUCHANAN, JJ., concur.